UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE TRUST :
FUND, TRUSTEES of the LOCAL 1034 PENSION :
TRUST FUND; and TRUSTEES of the NURSES AND :
LOCAL 813 IBT RETIREMENT TRUST FUND, :     No.: _____
:
                               Plaintiffs, :
:
        - against - :
:
JOHN SENKO INC. d/b/a HEMPSTEAD FUNERAL :
HOME, :
:
                               Defendant. :
------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Insurance Trust Fund, the Local 1034 Pension Trust Fund, and the Nurses and Local 813 IBT Retirement Trust Fund (collectively "the Funds"), by and through their undersigned counsel, bring this action against Defendant John Senko Inc. d/b/a Hempstead Funeral Home (the "Company"), and allege as follows:

**I. INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act ("ERISA") to recover contributions owed by the Company for one of its employees who performed covered work under the terms of its collective bargaining agreement.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Funds, seek to recover from the Company those contributions that were due and owing to the Funds, as well as accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Company because it resides and does business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Funds who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District and because the Company does business in this District.

## III. PARTIES

6. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plans within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plans within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.

7. The Funds are administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101-3107.

8. Plaintiffs are the Trustees of the Funds, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

9. Defendant John Senko Inc. d/b/a Hempstead Funeral Home is a for-profit domestic corporation having its principal place of business at 89 Peninsula Boulevard, Hempstead, New York 11550, and is an employer within the meaning of ERISA §§ 3(5) and

515, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

## IV. BACKGROUND

10. The Company is party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Funds are third-party beneficiaries.

11. Section 1 of the CBA, which was in force between April 1, 2016 and March 31, 2019, provides that the Company "recognize[s] the Union as the sole and exclusive bargaining representative for all Licensed Funeral Directors" employed by the Company.

12. By entering into the CBA, the Company agreed to remit contributions to each of the Funds on behalf of those employees who performed work covered by the CBA, and to be bound by the CBA and the Funds' organizing trust agreements and procedures.

## COUNT I

### Violation of ERISA § 515, 29 U.S.C. § 1145

13. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

14. ERISA § 515, 29 U.S.C. § 1145 requires employers to pay contributions to the Funds in accordance with the terms and conditions of the applicable collective bargaining agreement.

15. The Company breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 when it failed to remit $40,825.46 in contributions for John Terzo, a licensed funeral director employed by the Company, who performed covered work within the meaning of the CBA from March 2017 through December 2018.

16. Plaintiffs, the Trustees of the Funds, demand judgment against the Company for $40,825.46 for contributions due and owing under the CBA, as well as an amount to be determined of statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

Dated: August 15, 2019

**PROSKAUER ROSE LLP**

By: */s/ Neil V. Shah*
　　　Neil V. Shah

One Newark Center
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*